THOMPSON, Judge.
American Title Insurance appeals a judgment ruling that it is responsible for attorney’s fees incurred by Robert and Elizabeth Carter in defending a claim, by a neighboring property owner, that the Carters’ fence encroached on the neighbor’s land. We reverse.
This ease was before this court in American Title Insurance Co. v. Carter, 670 So.2d 1115 (Fla. 5th DCA 1996). There, the trial court ruled that American Title was obliged, under the terms of the policy it issued to the Carters, to provide the Carters a defense against the neighbor’s claim. We held that the claim was not covered by the policy based on a provision that excluded from coverage “any encroachments, easements, measurements, variations in area or content, party walls or other facts which a correct survey of the premises would show.”
We relied on Walker Rogge, Inc. v. Chelsea Title & Guaranty Co., 116 N.J. 517, 562 A.2d 208 (1989), disagreed with on other grounds, Bank of California, N.A. v. First American Title Insurance Co., 826 P.2d 1126 (Alaska 1992), in which, based on a similar policy provision, the court held that the plaintiffs title policy did not cover a claim that arose when, six years after purchasing a purported 19 acres of land, the plaintiff obtained a survey and discovered that in fact the property comprised only 12 acres. We held in American Title:
In this case, like the plaintiff in Walker Rogge, the defect about which the Carters are complaining would not have been disclosed by the public records. In addition, like the deed to the conveyed property, in Walker Rogge, the legal description in the Carters’ deed does not delineate the quantity of land being conveyed. We agree with the court in Walker Rogge that title insurance is not a substitute for a valid survey. If the Carters wished to insure against a defect that a correct survey would show, they could have sought to have the exclusion deleted before buying the policy; essentially, the Carters are asking the court to write them an insurance policy superior to the one they purchased. Such action would be improper.
Id. at 1117. Accordingly, we reversed the court’s ruling that American Title was required to defend the Carters against the neighbor’s claim.
After remand, the Carters and the neighbor settled the underlying ease, and stipulated that the Carters’ surveyor had correctly determined the location of the quarter/quarter section line that formed the border between the two properties. Based on the stipulation, the trial court entered a judgment for the Carters in the underlying case, and found in the judgment that the Carters’ survey, and not the neighbor’s survey, was correct. Next, the court concluded that this court’s previous opinion did not apply because it was issued before the stipulation and finding that the Carters’ survey was correct.
In American Title, this court held that the insurer was not required to provide the Carters a defense because, in essence, the claim against the Carters was not a title claim, but was a claim to acreage. The question was “where ‘on the ground’ ” the quarter/quarter section line should be drawn. We did not hold that our mandate was contingent on the outcome of the underlying case. Indeed, the outcome of the underlying case, whether determined by stipulation or by a fact finder, did not change the nature of the underlying ease, and has no bearing on the insurer’s obligation to defend or upon this court’s previous mandate. Accordingly, we reverse the *1022 judgment and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GRIFFIN, C.J., and ANTOON, J., concur.